IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Martinsburg

**SHELBY DEAN SKAGGS**,

        Plaintiff,

v.                                       **CASE NO: 3:20-CV-198**
                                             Judge Bailey

**RUSSELL MASTON,**
**BETSY JIVIDEN,**
**WEXFORD HEALTH RESOURCES,**
**DR. JAMES BEANE,**
**CARLA DEEM,**
**HANGER ORTHOPEDIC,**
and **MARIE DOE**,

        Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Robert W. Trumble [Doc. 46]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Trumble filed his R&R on July 6, 2021, wherein he recommends, *inter alia*, that plaintiff's complaint [Doc. 1] be dismissed. For the reasons that follow, this Court will adopt the R&R.

## STANDARDS OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal

conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Trumble's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Here, plaintiff timely filed his Objections to the R&R [Doc. 50] on July 26, 2021. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## **BACKGROUND**

This Court has reviewed the thorough, detailed, and accurate factual background and legal standards underlying this case as summarized by Magistrate Judge Trumble in his R&R. See [Doc. 46 at 1–10]. Having compared the same to the entirety of the record before this Court and finding no error in summarization or analysis, this Court adopts and incorporates the entirety of the "Introduction", "Factual and Procedural History", and "Legal Standard" sections of the R&R herein for purposes of conducting the following analysis on review.

## **DISCUSSION**

As identified by the magistrate judge, plaintiff, acting pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983. [Doc. 1]. Defendants filed various motions to dismiss and accompanying memoranda of law. [Docs. 22, 23, 24, 25, 32, 32-1]. In consideration of the same, Magistrate Judge Trumble first found that plaintiff failed to allege that either of the administrative defendants (Maston and Jividen) violated the Constitution through their own actions. [Doc. 46 at 11]. Magistrate Judge Trumble also concluded that to the extent plaintiff alleged the administrative defendants were responsible for the actions of subordinate officials, the administrative defendants were immune from liability concerning the allegations that subordinate officials violated plaintiff's civil rights. [Id. at 11–12]. Moreover, the magistrate judge concluded that, even assuming the administrative defendants had notice of plaintiff's administrative grievance regarding medical needs, such notice did not rise to the level of personal involvement to implicate liability in this suit. [Id. at 13]. Further, the magistrate judge noted that to the extent the administrative defendants relied on any professional judgment of trained medical personnel regarding plaintiff's medical needs, that reliance was proper and

did not trigger liability under § 1983. [Id.]. Finally, Magistrate Judge Trumble found that plaintiff's claims against the administrative defendants in their official capacities were not cognizable under § 1983.

Similarly, Magistrate Judge Trumble ruled that plaintiff failed to properly state a claim against defendants Bean, Deem, or Richardson because plaintiff failed to demonstrate any deliberate indifference as required by law to prevail on such claims. [Id. at 14–20].

With respect to defendant Wexford, Magistrate Judge Trumble found that plaintiff failed to state a claim upon which relief could be granted because defendant Wexford was a private entity whose actions were not dominated by the state nor carried out in a manner following an official policy resulting in the deprivation of rights. [Id. at 21-22].

Finally, the magistrate judge concluded that because plaintiff did not make any allegations pertaining to policies or customs concerning defendant Hanger, a private entity, plaintiff failed to state a claim upon which relief could be granted under § 1983.

Plaintiff filed ten (10) pages of objections to Magistrate Judge Trumble's R&R. *See* [Doc. 50]. The objections raise no cognizable disagreement with the R&R other than a generalized narrative restating the purported actions of the defendants alleged in the complaint. [Id.]. Plaintiff does not point to any instance in which he contends Magistrate Judge Trumble erroneously summarized the facts underlying this matter or misapplied applicable law contained in the R&R.

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, *de novo* review is unnecessary." **Green v. Rubenstein**, 644 F.Supp.3d 723, 730 (S.D. W.Va. 2009)

(citing *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." *Williams v. New York State Div. of Parole*, 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

A party waives any objection to an R&R that lacks adequate specificity. *See Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (finding that a party's objections to the magistrate judge's R&R were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendation . . . and unsupported by legal authority, [are] not sufficient." *Mario*, 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." *Id.*; *see also* Fed. R. Civ. P. 72(b); LR PL P 12.

Upon review of plaintiff's objections, this Court finds that, even when construing them with a deferential view benefitting *pro se* litigants, the averments contained therein are so general that they fail to identify with specificity any portion of the R&R containing legal or factual error. Accordingly, plaintiff's objections are overruled, and this Court will review the entirety of the R&R for clear error.

## CONCLUSION

Having found no clear error in the magistrate judge's well-reasoned and extensive review of the pleadings, petitioner's objections [**Doc. 50**] are **OVERRULED**, and it is the opinion of this Court that the Report and Recommendation [**Doc. 46**] should be, and is, hereby

**ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, Defendants' Motions to Dismiss [**Docs. 22, 24 & 32**] are **GRANTED**. Defendant Hanger's Motion to Strike [**Doc. 42**] is **GRANTED**.

Plaintiff's complaint [**Doc. 1**] is **DENIED** and **DISMISSED WITH PREJUDICE** as to defendants Maston and Jividen, and **DENIED** and **DISMISSED WITHOUT PREJUDICE** as defendants Beane, Deem, Doe (Richardson), Wexford, and Hanger.

This Court further directs the Clerk to **STRIKE** this matter from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein and to mail a copy to the plaintiff.

**DATED**: October 8, 2021.

*[Signature]*
JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE